IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CHARLES D. GRISSOM, JR.                                                                    PLAINTIFF

v.                                          Civil No. 4:21-cv-4003

JACKIE RUNION, Sheriff Miller County; JEFFIE
WALKER, Warden Miller County Detention Center;
Center ("OCDC"); SOUTHERN HEATH CARE PARTNER;
And NURSE STEVEN KING                                                                  DEFENDANTS

## ORDER

Plaintiff, Charles D. Grissom, Jr., filed this *pro se* civil rights pursuant to 42 U.S.C. § 1983 on January 26, 2021.  (ECF No. 1).  His application to proceed *in forma pauperis* ("IFP") was granted that same day.  (ECF No. 3).  Currently before the Court is Plaintiff's "Class Certification Motion Pursuant to Civil Rule 23.2 Action Relating to Uncorported Association".  (ECF No. 8). Service was ordered on Defendants on January 26, 2021.  To date, it appears no Defendants have been formally served.  The Court has determined no response is necessary from Defendants to rule the on instant motion and therefore the issue is ripe for consideration.

In his Motion, Plaintiff represents to the Court that 15 other Miller County Detention Center inmates wish to join the case as Plaintiffs and proceed as a class action lawsuit.  (ECF No. 8).  He goes on to state, "Plaintiff, Charles D. Grissom Jr. Et Al advocate this Class Certification Motion…as to assist the aboved Plaintiff's in this Class Action as an Hold." *Id.* at p. 2.  Plaintiff identifies the following inmates in the caption of his motion as those who desire to join in this lawsuit:   Dannie Tackett, Tony Fullbright, Robbert Harmon, Gergory Williams, Kenny Howard, Robbert Dodge, Timmothy Jordan, Williams Boswell, Tony Taylor, David Smith, Jose L. Aguilar, Kenneth Baradshaw, Micheal Roberts, Richard L. Smith, and Troy C. Terry.  *Id.* at p. 1.

1

Under Federal Rule of Civil Procedure 23(a), a plaintiff can sue as a representative of or on behalf of parties only if: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." In particular, because of the requirement under Rule 23(a)(4) that a class have adequate representation, courts have repeatedly declined to allow *pro se* prisoners to represent a class in a class action. *See, e.g.*, *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding that it would be plain error to permit imprisoned pro se litigant to represent his fellow inmates in a class action); *Perkins v. Holder*, Case No. CIV. 13-2874 PAM/FLN, 2014 WL 755378, at *5 (D. Minn. Feb. 26, 2014), *aff'd* (Dec. 9, 2014) ("[P]*ro se* litigants can never represent the rights, claims and interests of other parties in a class action lawsuit (or otherwise)).

To provide adequate class representation, Federal Rule of Procedure 23(g) requires, among other considerations, that the class counsel appointed have experience in handling class actions and other complex litigation. Because Plaintiff is not a licensed attorney, he cannot satisfy the requirements of either Rule 23(a) or Rule 23(g). He can, therefore, only bring the claims in his individual capacity and not on behalf of a class.

As previously stated, Plaintiff is attempting to add 15 inmates currently incarcerated in the Miller County Detention Center as Plaintiffs in this action. As interpreted by relevant case law, the Prison Litigation Reform Act requires each prisoner who brings a civil action to submit a separate complaint and a separate application to proceed *in forma pauperis*. *See e.g., Hubbard v. Haley*, 262 F.3d 1194 (11th Cir. 2001). Accordingly, Plaintiff's motion for "Class Certification

Motion Pursuant to Civil Rule 23.2 Action Relating to Uncorported Association" (ECF No. 8) is **DENIED.**

The Clerk is DIRECTED to mail a 1983 Prisoner Litigation Packet to each of the following 15 new prospective Plaintiffs at the Miller County Detention Center:

- Dannie Tackett
- Tony Fullbright
- Robert Harmon
- Gergory (Gregory) Williams
- Kenny Howard
- Robert Dodge
- Timmothy (Timothy) Jordan
- Williams Boswell
- Tony Taylor
- David Smith
- Jose L. Aguilar
- Kenneth Baradshaw (Bradshaw)
- Michael Roberts
- Richard L. Smith
- Troy C. Terry

**DATED** this 4th day of February 2021.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE